Next case on the call the docket is agenda number 23 case Number one one two four eight eight Joseph M. Ferguson, I believe versus Stephen R. Patton Appellant to counsel for the appellant, please proceed Thank you, Your Honor Good morning, and may it please the court My name is Miriam Casper, and I represent the defendant Stephen R. Patton Corporation Council of the city of Chicago Your honors this case should be dismissed the inspector general seeks you mind lowering that microphone just did that The inspector general seeks to expand his authority Beyond what the City Council has granted him he has completely bypassed the head of the executive branch The mayor when the mayor is the one who should be deciding disputes internal disputes between his appointed executives He has filed a lawsuit even though the Municipal Code vests exclusive authority to file lawsuits with one individual the Corporation Council and He cast aside the attorney-client privilege for his investigations Even though his ordinance says not a word to bar assertion of the privilege In my opening remarks this morning your honors, I will address jurisdiction and power to sue Neither the inspector general nor the appellate court Cited a single case in which the court has entertained a dispute between appointed Municipal executive officials and there are none Instead based on settled law the very concept of an official capacity suit between two Appointed municipal department heads does not make any sense That is because as a municipal corporation the city is a single legal entity The inspector general is the head of an internal review office The Corporation Council is the head of the legal department and all of these different departments come together and operate as a single municipal corporation a It is not justiciable Where the law otherwise the courts would be frequently every day entertaining disputes every time any appointed municipal Officials were to disagree about an internal issue The inspector general urges a case-by-case approach for all intragovernmental disputes in general but every case between Appointed municipal department heads falls outside the court's jurisdiction because a municipal corporation is a single Legal entity and its administrative divisions don't have separate legal existence The inspector general also sees legal independence in his ordinance which grants him some protection from removal and Gives him some discretion gives him discretion about what to investigate But that reflects political independence Not freestanding legal existence or corporate status in the end even his own ordinance makes clear that he is simply a division of The city and internal to it it classifies his office as an office of municipal government How can I ask you how some questions about the ordinance and how? you see the Relationship between the inspector general's office and the Corporation Council's yes and I want to direct you to the Section that there's been much discussion about in terms of the enforcement of subpoenas obviously the IG has Enforcement or subpoena power the question is enforcement Yes And that section talks about for seven days after a seat of a timely objection to a subpoena Inspector general shall take no action to enforce the subpoena or to initiate Prosecution of the person to whom the subpoena is directed then later in the ordinance There's a section about prosecution of a person who willfully refuses to comply with the subpoena mm-hmm and the ordinance goes on to say that An action may be filed Either seeking a fine or in fact incarceration For a person who willfully refuses to comply with the subpoena and further that ordinance goes on to say that if there is a municipality is going to prosecute violations of a as a misdemeanor then the That must be effectuated by the corporate attorney, so it seems to read that the inspector general has the authority to issue subpoenas Negotiate for seven days before any action is taken to enforce the subpoena or to initiate prosecution and Then the prosecution would be handled by the Corporation's Council, so it just in reading those sections together it appears that there's some That the ordinance as a whole recognizes some relationship Between the office of the inspector general and the Corporation Council's office would you agree with that I agree we do agree that when there is an objection to a subpoena the Ordinance does contemplate that the inspector general will negotiate based on those Objections and try to work it out with the individual who's been served with the subpoena The ordinance doesn't speak that provision doesn't speak to What happens after the seven-day waiting period during of negotiations, so what would happen like that? I mean, we know very clearly what would happen, but we don't know the Inspector general has the authority to initiate prosecution, but the prosecution itself has to be Done effectuated by the corporation. Yes corporate attorney so so let's let's say there's a somebody in the water department who has been subpoenaed and doesn't Cooperate and there's some negotiation, and they won't cooperate What happens that I think there is there are several things that could happen at that point and since that is in your hypothetical a employee an internal city employee Our position is that there would be no jurisdiction over a lawsuit brought to enforce that subpoena But there would be many other ways to obtain Compliance assuming if assuming there was no good-faith objection or something of that nature Well he certainly can do many other things including Consult with that Individuals department had he can recommend discipline he can seek discipline. He can seek ask the With the absolutely we Council say Issue to subpoena he should negotiate they haven't come around they're not going to cooperate I'm asking you to file a lawsuit to enforce my subpoena well We do that he can ask the Corporation Council to file a lawsuit to enforce the subpoena In your hypothetical it would depend whether that employee whether the issue is something city business related Or this it's just an individual whether the City would initiate a prosecution against somebody in their individual capacity. I think presents a different question here we have an official capacity Problem which we don't think would be justiciable so the Corporation Council can't bring lawsuits against other city departments or official capacity individuals acting there in their in my In my Scenario the head of the water department who fails to cooperate It's the inspector general comes the Corporation Council and asks for the assistance to enforce the subpoena The Corporation Council And this is my final question Has some authority could perhaps go to court to enforce the subpoena against the water The head of the water department or not, I don't think that that lawsuit would be justiciable I think the Corporation Council can certainly provide assistance the Corporation Council has the duty under the Municipal Code To protect the rights and interests of the city in legal proceedings certainly the Corporation Council can be consulted if there is a difficulty with another city department or The inspector general as we explain is also free to Go to the mayor if there's a dispute between himself and a department head in that example the water department head It's analogous to the Corporation Council in this case this dispute. We submit should have been brought to the mayor for his Decision and his involvement and his resolution As the head of the executive branch so another dispute between the inspector general and the head of the water department We think could also be resolved in the same way and the inspector general has other tools as well I mean he there are some exceptions to the confidentiality provision. He can make public statements You know and I've already mentioned problematic though that in this case that You're asking the inspector general to go to the mayor regarding An investigation into the mayor's awarding of a contract well the To just back up one step the complaint doesn't allege Involvement of the mayor's office as as I understand all of the briefs do So assuming that that is is part of the allegation here I Think there are still options available to the inspector general. It's not correct That there's agree that and I know there are allegations But would you agree that it's problematic for the inspector general to go to the mayor regarding? Allegations as to the mayor's own conduct I think if he goes to the mayor and the mayor won't cooperate there are some things that can be done I mean, I don't think requiring him to at least make an attempt is Problematic in the sense that he is an investigator and often investigators Do approach the very people who are being investigated and also the people around them? but if he does Exhaust all the tools available under his ordinance, and there are many we've already discussed a few of them He is also has the power to share his investigations with outside law enforcement agencies, so if he does Suspect illegal conduct by By anyone including the mayor and he's reached an impasse And he feels you know in the most extreme hypothetical that nobody is cooperating and everybody is hiding something He may Which of course is not? The allegation in particular here although it is is how it's been argued in the briefs Because there's no allegation that the mayor was ever Consulted to attempt to resolve this dispute Is what I mean by that, but he makes share the invested the investigation with outside law enforcement get their cooperation They may have additional resources at their disposal So there are a lot of options available To the inspector general as he works inside the confines of the government of which he is a part That is how inspector generals operate across the country as And they they do have political independence as they should they should be free from the political process But nevertheless They don't have independent Corporate or legal status they must work within the structure that created them And they have ample tools at their disposal to do that I'm just touching back briefly on the power to sue issue Which we discussed a little bit the the provision of the ordinance that says for seven days after receipt of a timely objection to a subpoena is the one that the Inspector general shall take no action that provision is the central focus of the inspector generals position that he does have litigating authority But that simply does not say the inspector general may file a lawsuit It's not a grant of power at all. It's a restriction on what he can do It imposes a seven-day waiting period and as even the appellate court acknowledged. It's it's silent about what happens after that reading in independent litigating authority Would violate basic rules of statutory construction it would ignore the Corporation Council's ordinance which gives him exclusive litigating authority on any issue involving the city and its officials and on top of that it makes sense that the perfect sense that the City Council would want it that way centralized litigating authority is Critical for a single legal entity like the city Otherwise it would be unclear what the city's position is who really represents it If all these various department heads could take it upon themselves to decide when it's appropriate to sue it would be It would be difficult for the city to ever be sure what it position. It's taking in court So for the independent reason that the inspector general lacks the power to sue litigating authority And the reason that this court has no jurisdiction the courts have no jurisdiction over internal disputes Within a municipal corporation. We ask that the court order that the lawsuit be dismissed If there are no further questions, I will address remaining issue in rebuttal Thank you Good morning your honors Alexander Polikoff representing the inspector general if your honors, please I'll address first Corporation Council's arguments on the appeal now turn to the cross appeal On the appeal your honors. It's remarkable that in his brief the Corporation Council virtually abandoned What I believe is this fundamental justice ability appeal point that point as you've just heard is the elaborate structure the council erects to make municipalities unlike any other form of government and To his argument that that makes all the difference requiring as a result of that difference separate corporate status for standing in capacity and rendering all of our cases irrelevant Yet in his brief council includes these five crucial words unless the municipality otherwise provides Those five words your honor amount to a concession that there is no all-embracing rule that distinguishes municipalities from other governmental entities and precludes Justiciability in municipal intra governmental disputes Unless the municipality otherwise provides means that the municipality can choose to confer standing and capacity upon any municipal agency it wishes to possess those attributes Exactly we say our Position here your honors is that in the inspector general ordinance? The municipality has chosen to confer standing and capacity a matter to which I will turn in just a moment I first want to quickly point out a second way in which the Corporation Council Abandons this fundamental justiciability point about the uniqueness of municipalities as compared to other governmental bodies in the context of intra governmental disputes for by Acknowledging that standing and capacity could be conferred upon the inspector general by referendum council once more acknowledges that there is nothing inherent in the nature of a municipality that prevents a department or agency of municipal government from having standing and Capacity conferred upon it our briefs discuss Why the referendum idea doesn't work here that won't go into that your honor I Do want to note parenthetically before I move on to the question of whether the ordinance does confer standing and capacity I just want to note parenthetically that not a single intra-governmental dispute case cited by the Corporation Council Holds that separate corporate status is requisite for a plaintiff government agency to have standing and capacity And on the other hand the several cases we have cited all Agree as this very court said in the Amman case That the key factor on standing is quote the pertinent statutory provision So let's turn to the pertinent statutory provisions in the inspector general ordinance here The determinative question on the appeal is our opinion your honors is does the ordinance confer Standing and capacity on the inspector general to ask courts to enforce his subpoenas Parenthetically, I note that the Corporation Council appears to agree that that's the determinative question I'm quoting from the reply brief their reply brief at page 7 our Point is that the court will not find a legislative grant of standing or capacity in the IGO Ordinance, so we have agreement. I believe what the determinative question is On that question does the ordinance confer standing and capacity. I think there's no doubt yes It does that's true for multiple reasons, and I'll now try to make plain While it's showing you that the corporation as I'll now try to make plain while showing you that the Corporation Council's Contrary arguments are unpersuasive first After conferring on the inspector general the power to issue subpoenas The ordinance says the inspector general as justice vice quoted quote shall take no action to enforce the subpoena or to initiate prosecution during the seven-day objection period Inspector general named shall take no action to enforce or to initiate prosecution for a limited period of time Now your honors. This is plainly a limitation on someone's power Don't do something for seven days Whose power does it limit? Why the inspector generals of course because it is the inspector general who is specifically named I? Extreme to argue that after empowering the inspector general to issue subpoenas and additionally as Justice Tice's question observed to administer them by dealing with objections and Then telling the inspector general not to take action to enforce his subpoenas or initiate prosecution for a specified time explicitly in the course of all of this designating the inspector general Multiple times and never once referring to the corporation council but after all this the legislature meant But did not say that the inspector general is to ask the corporation council to seek enforcement of his subpoenas It would also of course violate a precept of statutory construction If to reach that result the court were to read the words into the statute that the corporation council Implicitly wants you to do ask the corporation council to enforce your subpoenas Now the corporation council has a twofold justification for his proposed semantic ledger domain first Referring to an entirely different part of the city code the corporation council says the city is directly the corporation council is directed to conduct the city's law business and Second he refers to the mayor's power to supervise his employees also found in another part of the city code As to the first point your honor the law business authority of the corporation council Apart from the implausibility point I've already made and apart from the statutory construction point I've already made and apart. I'd like to add from the common-sense Observation that it is the party that issues a subpoena who has the standing to enforce it not somebody else There's also a precept of statutory construction that says provisions relating to only one subject such as in this case subpoenas prevail over general provisions designed to apply to cases generally such as in this case the general law business Responsibility of the corporation council that's in Herndon D. Corrigan construction company 149, Illinois 2nd 190 As to the corporation council's other answer referring to the mayor's supervisory power Let's remember your honors that the Chicago City Council has expressed authority Under state law and I quote to define the powers of all appointed officers of the municipality to define the powers So the council is free to give the inspector general whatever powers it wishes In this ordinance it did give the inspector general a fixed term of office protection against removal power to launch Investigations on his own initiative power to conduct public hearings quote at his discretion among many others It's again implausible in the extreme To assert that although the City Council was free to limit the mayor's supervisory authority So that he could not unilaterally discharge the inspector general could not prevent him from launching an investigation and Could not prevent him from conducting a public hearing Nonetheless, he was barred. It was barred by a general may all supervisory authority general statement of authority From giving the inspector general standing to ask courts to enforce the subpoenas it empowered him the issue The same rule about the particular prevailing over the general applies here I put it to your honors the result of this Analysis of the language of the ordinance is That the conclusion is truly inescapable That the subpoena provisions of the ordinance do confer upon the inspector general Standing and capacity to ask courts to enforce his subpoenas Now if any additional support for that conclusion were thought to be needed there is I suggest other support Our briefs explain why interpreting the ordinance as the Corporation Council wishes would be incompatible with the ordinances central purpose of creating a truly independent internal investigative capacity as the appellate court said it would render the inspector general's Independent investigative capacity meaningless if he could only utilize one of his key Investigative powers if he first got permission of the mayor's lawyer and as you yourself have said in the Harvell versus Johnson City case an interpretation that carries out the overall purpose of legislation is Always to be favored over an interpretation that defeats that purpose So your honors both the express language of the ordinance and its central purpose Demonstrate that the inspector general Does have standing and capacity to enforce to ask the courts to help enforce his subpoenas? Corporation Council has talked about Wreaking havoc in the brief and how everybody would rush off and file lawsuits if the court were to rule in the fashion I'm suggesting is indicated by the ordinance Hardly your honors for your ruling would not extend to any agency or officer that did not have the investigatory mission and Possess the specific powers given to the inspector general the office of the inspector general is unlike any other agency and Therefore the language of the inspector general ordinance constitutes a very precise limiting principle on your ruling Your honors I'll turn to the cross appeal unless there are questions on the appeal Here on the cross appeal the question is does the inspector general ordinance call for disclosure in the face of a claim of attorney-client privilege Parenthetically, I want to note that rule 1.6 of the rules of professional conduct Authorize a lawyer to make disclosure to comply with other law or a court order So if the inspector general ordinance does call for disclosure notwithstanding the claim of privilege Corporation Council is expressly authorized to comply with that call well on this issue, let's again look first to the language of the ordinance and Specifically your honors to what I call its cooperation Disclosure provision the ordinance imposes a duty on every executive branch city employee in department quote to cooperate with the inspector general in any investigation and To make available to him as soon as practicable quote premises equipment personnel books records and papers This strong combined cooperation and disclosure duty contains no exceptions for the attorney-client privilege none for city lawyers and none for the law department on the contrary as to inspector general subpoenas the duty to cooperate and the duty to disclose remove any expectation of Confidentiality, which is of course essential to the privilege based on the cooperation duty alone without a Ordinance this court in the waste management case held that the duty of cooperation Trump the privilege in the circumstances of that case Precisely because it removed the expectation of confidentiality of this that's essential to a claim of attorney-client privilege Net holding your honor and waste management was in the private sector Where the privilege is at its strongest because it's not subject to the objections It could be raised when we're talking about a government official or lawyer Exercising the attempting to exercise the privilege now What's the Corporation Council's response to this duty of cooperation argument in the briefs? Well, he says two things First he says waste management should be limited to its insurance contract context and should not be given broader application and Only be abrogated by a statute with express language Well, the first argument is illogical and the second is simply incorrect on The first argument waste management's holding should be applicable here because there is no reason Why a duty of cooperation imposed by contract should be stronger than one imposed by statute The essential in both situations is that there can be no expectation of Confidentiality in the face of a duty to cooperate expressly stated And the Corporation Council I put it to you does not offer any explanation Except to move to his second Incorrect argument that a statute is different from a contract because the privilege can only be abrogated by express words Both the Childress case in Illinois if I'm pronouncing it correctly Childre SS cited in our briefs and the Goldberger case in the federal system Among others make it plain that the privilege must yield to legislated intent Even though that intent is made clear by implications only and not by express language Corporation council also argues in the brief that providing for a right to object to subpoenas must mean that the attorney-client Privilege was to preserve because otherwise the duty to cooperate Wouldn't nullify the right to object. I suggest that that arguments Without merit self-evidently for the freedom to object on a valid ground Would not be affected by this courts rejection of an invalid objection There's a lot of talk in the briefs about the chilling effect if the court should rule our way I refer you to the briefs your honors in that respect the chilling concern is no ground for ignoring the specific language of the ordinance and With respect to waiver which the Corporation Council mentioned here this morning another concern Once again by the terms of the ordinance the inspector-general's files are to be kept confidential waste management made clear that the documents required to be disclosed in that case retained their privilege status as to others an Aspect of the general principle that waiver results only from voluntary disclosure Not from compelled production and of course any order that your honors issue could say what it wished to say about limiting production I come finally your honors to what I think is really at stake on the cross appeal the doctrines of the public's interest in the integrity of government and of the obligations of government lawyers to that interest both doctrines strongly support the view that the ordinance does not permit inspector-general subpoenas to be frustrated by attorney-client privilege claims This court's Burkett opinion although dealing with a different privilege Emphasizes the importance of the public trust in government and the federal cases discussed in the brief make the same point in a grand jury context in this court's consolidation coal opinion Quoting justice Cardoza you made clear the role both of these doctrines should play here in a case such as this you said a Social values that is you must balance the values in this case sought to be furthered by the privilege Against those sought to be furthered by the inspector-general ordinance Corporation counsel expounds at length on the value of the privilege the government's but there's hardly a word in the brief about the competing values of public trust to the integrity of government or about the That what you call the speculative benefits of the privilege must be balanced I submit finally that in this case the result of that balancing process cannot be in doubt The court is here being asked to extend the privilege into an arena within which it has never before in Illinois been deployed In the face of this court's repeated admonition that the privilege should be confined to its narrowest possible limits The central purpose of the inspector-general ordinance of I've argued is to create an independent a truly independent Investigative agency thereby furthering the important value of the public trust to the integrity of government ultimately it ultimately at stake is this in this central purpose and in that value is The people's faith in the political process for corruption is a corrosive Characteristic of modern governments that as one author puts it Systematically undermines democratic principles and diminishes people's faith in the political process in our democratic society the values of furthering the public trust in government integrity and the obligations of government lawyers to their trust are Therefore of the very highest order and that's why I say that the result of the balancing process Here can't be in doubt. My time is up I'll conclude by saying we think the court should affirm the appellate court ruling that the suit is justiciable reverse the remand to the trial court and Rule that the Corporation Council may not refuse to comply with the inspector-general Subpoena on the grounds of attorney-client privilege and I thank you your honors for your attention Thank you Just A few quick points beginning with Justiciability The issue here is whether two Municipal department heads who are appointed by the mayor can maintain a lawsuit in court against each other their inspector-general Cites not a single case like that none and it's because that whole principle is at odds with the very function organization and purpose of a municipal corporation The reason could the city by ordinance have authorized that the argument is that by implication? the Seven day delay on enforcement of the subpoena Certainly implies that action can be taken could the city have authorized The inspector-general to prosecute an action to enforce the subpoenas I Have two responses to that your honor first. I believe that the court does excuse me the City Council could have Granted the inspector-general some litigating authority Our position is it clearly did not The the Corporation Council's ordinance was not amended. It's still there. It's still that's exclusive authority And that authority for litigation in the Corporation Council and that can be read in conjunction with the ordinance Discussing take no action by the inspector-general As far as justiciability is concerned. I think the question is a little different the City Council cannot confer jurisdiction in the courts As for the question whether the City Council could confer Separate corporate status, which is the position We take what would be required for the inspector-general to maintain a lawsuit against another city official I think that's a more difficult question We do make an argument in the brief that if it could be done under the home rule provision. It would be under the referendum Provision the inspector-general does not cite a case that indicates that a municipality would have the authority to Confer Separate corporate status or make the inspector-general its own local public entity And we are not aware of one, but in any event the position we take is it doesn't matter because it clearly was not done here And on the issue of and sorry just briefly the inspector-general Suggests that we say no case Suggesting separate corporate status is required. That is incorrect. We do in our brief at page 12 to 13 On the issue of capacity it is not implausible that the Inspector-general would lack the power to sue We have already discussed all the many other powers He does have the Corporation Council has exclusive litigating authority and if the inspector-general Lacks a power that he believes he ought to have he may feel free to take that up with the City Council Turning briefly to privilege The privilege is critical to government work Every single day City Departments seek legal advice from the Corporation Council so they can do their work in compliance The many laws that govern and regulations that govern the city the privilege allows full and frank communication between city officials and their attorney and Therefore it underlies the very functioning of city government Consistent with this all of the civil cases uniformly hold that the privilege applies in the government setting The inspector-general wants his investigations to be treated differently We explain in our brief why he is nothing like a grand jury In those limited cases the courts have found that in the context of a criminal proceeding There could be some Exceptions to privilege an inspector-general's investigation is nothing like that. There's no grand jury. There's not even a prosecutor involved The inspector-general also focuses heavily on the duty to cooperate But right alongside the duty to cooperate the ordinance allows Objections, so it's not true at all that the duty to cooperate in and of itself Must mean that there's no expectation of privacy when a city official speaks with the Corporation Council Because there is an open objection provision, and it does not say Privilege may not be asserted Furthermore the ordinance provides that an objection is not a failure to comply or cooperate and It wouldn't make any sense to think that the City Council the city's governing body would have wanted to abrogate a Privilege that is so critical to the very functioning of government The waste management case Wasn't the insurance context and was completely different the duty to cooperate their term of art in the insurance context The insured was required to turn over information that was used in the shared defense in the underlying litigation Because the insurer was going to be held liable to pay based on that underlying litigation We just don't have anything like that here that that analysis simply doesn't correspond to this case at all Does it make any difference in this case what the purpose of creating your inspector-general is I mean since the inspector-general supposed to be a watchdog that that figure into this Into The analysis of privilege your honor In either issue on either issue of taking the first issue first as we've explained inspector-generals Do function as an internal? watchdog as if you You could term in a watchdog group Agency within the local government. There's still no authority for that agency Which has political independence again, it's true so that he can serve in that function He's not he can't simply be fired by the mayor before his term expires without cause And on things things like that that is correct, but that doesn't mean that he lacks any power I'm far from it the Ordinance provides him many tools in addition to everything other inspectors have he there's this duty to cooperate Which is quite broad although there are objections That can be made it is quite broad it prohibits retaliate Retaliation for cooperating it authorizes serious penalties. He can seek penalties discharge recommend discipline He can conduct public hearings he can go public If it meets the Confidentiality provision of his ordinance and apply pressure that way there are many many ways for the inspector-general To get at information, and I believe the same answer would go to privilege lots of investigators and prosecutors Would prefer to get information from the the suspect these subjects attorney It's probably more expedient that way But the fact remains that it the privilege is important even to governments Your honor if if there is a communication between a department head and the Corporation Council a conversation is occurring if it does Get to the point and I believe I Pardon me if I'm making assumptions about the question But I believe if the if the official is starting to get into areas that seem like there's been wrongdoing on his part And he's trying to get away with something and it's moved away from a real city business or a city issue then there is some flexibility and you know that the Corporation Council is an attorney who is bound by the rules of professional conduct and The rules about the government or about organization as the client do apply to governments and under that rule The Corporation Council would have to balance his obligation to his client the city And and would be able to take into account whether what he's being told or what he thinks he's about to be told is something That would could cause substantial harm to the organization and at that point there is a little more room for Flexibility in confidentiality under rule 1.13 and as I think the comments to that rule make clear and there's just no reason and no argument really Why that's not enough as an attorney he is as a public official he is presumed to act in good faith and As an attorney he is bound by those rules For all these reasons we ask that the judgment of the appellate court be reversed and that the case be ordered dismissed. Thank you Thank you case number 1 1 2 4 8 8 Ferguson Appley vs. Patton appellant is taken under advisers agenda number 23. We're going to take a brief recess Mr. Marshall the Supreme Court stands in recess until 1045 a.m.